IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARREN KENT COLEMAN,

    Petitioner,                              No. CIV S-06-1434 LKK GGH P

    vs.

CSP-S APPEALS COORDINATOR'S,

    Respondent.                         FINDINGS & RECOMMENDATIONS

_____/

        Petitioner, a state prisoner at CSP - Solano, has filed a state "petition for writ of habeas corpus," seeking "emergency relief," and alleging that he was found guilty of a CDC 115 "prematurely." Petitioner provides no date for the prison disciplinary action at issue, but asserts that he discovered, on June 1, 2006, that "a modification order should have been...a dismissal." He also alleges that he has an upcoming release date of June 24, 2006. This petition was not filed in this court until June 28, 2006.

        On the face of it, petitioner has not clearly set forth appropriate grounds for relief pursuant to 28 U.S.C. § 2254. Assuming petitioner intended to challenge the finding of guilt with respect to an unidentified prison disciplinary action, he has by no means demonstrated exhaustion of state court remedies. Petitioner has also failed to either pay the required filing fee $5.00 or file an application requesting leave to proceed in forma pauperis. See 28 U.S.C. §§ 1914(a), 1915(a).

1

1         The court will recommend dismissal of this action for failure to demonstrate exhaustion of state court remedies.  The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must be waived explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).[1]  A waiver of exhaustion, thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

        Petitioner's claims have not been presented to the California Supreme Court.  Further, there is no allegation that state court remedies are no longer available to petitioner.  Accordingly, the petition should be dismissed without prejudice.[2]

        IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed for failure to exhaust state remedies.

\\\\\
\\\\\
\\\\\
\\\\\
\\\\\
\\\\\
\\\\\

---

[1] A petition may be denied on the merits without exhaustion of state court remedies.  28 U.S.C. § 2254(b)(2).

[2] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending.  28 U.S.C. § 2244(d).

1       These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 7/28/06

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
cole1434.fte

3